UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PAVONE,<br><br>                                  Plaintiff,<br><br>v.<br><br>GEORGE CARDONA, Chief Trial Counsel, Office of the Chief Trial Counsel of the State Bar of California; LEAH WILSON, Executive Director of the State Bar of California; ANDREW VASICEK, Senior Attorney, Office of Chief Trial Counsel,<br><br>                                  Defendants. | Case No.:  3:21-cv-1743-BTM-BLM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**[ECF NOS. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12]** |

Plaintiff Benjamin Pavone has filed an Application for a Temporary Restraining Order ("TRO"). (ECF Nos. 3-12.) Plaintiff is the subject of an ongoing California State Bar disciplinary proceeding, in which a Notice of Disciplinary Charges was filed against him on August 11, 2020. (ECF No. 7-4.) In his Application for a TRO, Plaintiff argues that "this Court should assume jurisdiction over this matter and temporarily enjoin the pending State Bar proceedings to review [various] serious constitutional defects [of the California State Bar disciplinary system]." (ECF No. 3 at 26.)

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction). A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

Defendants oppose Plaintiff's Application for a TRO, arguing that: (1) this district is not the proper venue, and (2) the Court must abstain from exercising jurisdiction under the *Younger* doctrine. (ECF No. 19.) The Court held a hearing on November 8, 2021. (ECF No. 22.)

**I.  Improper Venue**

Defendants argue that venue is improper in the Southern District of California because "Plaintiff does not allege that any Defendant resides within the Southern District of California," "the State Bar's offices are located in San Francisco and Los Angeles," and "all the events or omissions that allegedly support the TRO application have occurred and are occurring outside of this district." (ECF No. 19

at 12.)

Under 28 U.S.C. § 1391(b), "[a] civil action may be brought in":

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Further, "a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). Plaintiff has named individuals George Cardona, Leah Wilson, and Andrew Vasicek as defendants in this case. (ECF No. 1 at 10.) Plaintiff alleges that "[a]s defendants do business throughout the state and conduct substantial activity by hailing attorneys located all over the state into their preferred forums in Los Angeles and San Francisco, this is a proper venue pursuant to 28 U.S.C. § 1391(b)." (*Id.* at 11.) Plaintiff failed to address Defendants' venue challenge in his reply brief. (*See* ECF No. 21.) Plaintiff does not allege that any of the named Defendants reside in the Southern District of California. Plaintiff also does not allege that any part of his California State Bar disciplinary proceedings have occurred or are occurring within this District. Plaintiff has not met his burden to show that venue is proper in this District. *See Synoptek, LLC v. Synaptek Corp.*, 326 F. Supp. 3d 976, 986 (C.D. Cal. 2017) ("Once venue is challenged, the plaintiff bears the burden of showing that venue is proper.") (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)); *Lucero v. Ramirez*, 2021 WL 1529932, at *8 (S.D. Cal. Apr. 16, 2021) ("Plaintiff has not satisfied his burden to demonstrate that venue is proper in this district" because "[a]ll of Plaintiff's claims arise out of Defendants' conduct in connection with his disciplinary

proceedings before the State Bar Court. The FAC does not allege that the State Bar Court was located in San Diego, or that any of the Defendants were in San Diego when the alleged wrongdoing occurred, and Plaintiff does not argue otherwise in his opposition.").

## II. *Younger* Abstention

Even if Plaintiff had met his burden to establish that venue is proper in this District, the Court holds that it must abstain from exercising jurisdiction over this matter under the *Younger* doctrine.

"*Younger* and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. Absent extraordinary circumstances, abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justs. of Supreme Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (internal citations and quotations omitted) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). The Ninth Circuit has already held that ongoing California State Bar disciplinary proceedings satisfy the three *Middlesex* prongs for purposes of *Younger* abstention. *See Canatella v. California*, 404 F.3d 1106, 1110-11 (9th Cir. 2005) ("California's attorney discipline proceedings are judicial in character for purposes of *Younger* abstention," "implicate important state interests," and "provide [a defendant] with an adequate opportunity to litigate his federal constitutional claims").

//
//
//
//
//

With respect to the extraordinary circumstances exception to *Younger* abstention, Plaintiff points to "the exceptional nature of [his] system-wide criticism of the California discipline system[1]," as well as the implication of free speech rights in his case.[2] (*See* ECF No. 3 at 34.) The Court finds that Plaintiff has not established extraordinary circumstances to warrant an exception to *Younger* abstention. *See Hirsh*, 67 F.3d at 713-15 (arguments that the California State Bar justices and State Bar court judges were biased and that the California State Bar disciplinary system's structure was unconstitutional did not qualify as exceptions to abstention); *Canatella*, 404 F.3d at 1112 ("the extraordinary circumstances exception d[id] not apply" where the plaintiff argued that "the California Supreme Court ha[d] an inherent conflict of interest in considering constitutional challenges to state bar disciplinary proceedings" and that "the state bar statutes [were] patently unconstitutional").

//
//
//
//
//
//
//

---

[1] Plaintiff's system-wide criticism of the California State Bar disciplinary system includes allegations of corruption related to the actions of attorney Thomas Girardi, selective prosecution of solo and small firm attorneys, deficient charging standards for ethical offenses, disciplinary charges that infringe on constitutional rights, insufficient pretrial procedures, unresponsiveness to pretrial challenges, the imposition of impermissible costs related to disciplinary proceedings, and rulings by the State Bar courts that are not sufficiently substantive. (*See* ECF No. 3.)

[2] Plaintiff cannot rely on *Dombrowski v. Pfister*, 380 U.S. 479 (1965) to create a general exception to *Younger* abstention for free speech related cases. *See Andersen v. United States*, 298 F.3d 804, 810 (9th Cir. 2002) (characterizing *Younger* as "limiting [*Dombrowski*] to its facts and abstaining despite an underlying First Amendment claim").

### III. Conclusion

Because Plaintiff has not met his burden to establish that venue is proper in this District, and because the Court must abstain from exercising jurisdiction over this case under the *Younger* doctrine[3], Plaintiff's Application for a TRO is **DENIED**.

**IT IS SO ORDERED.**

Dated:  November 19, 2021

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[3] Because the Court denies Plaintiff's TRO application on the basis of venue and *Younger* abstention, it does not address the individual TRO factors.